UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4423

BOBBY LEE CAMPBELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-98-182)

Submitted: March 28, 2000

Decided: May 3, 2000

Before LUTTIG and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher C. Fialko, RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Charlotte, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Brian Lee Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Lee Campbell appeals his convictions for violation of 18 U.S.C.A. § 2113(a), (b) (West Supp. 1999). Campbell claims that the district court erred in denying his motion to suppress and abused its discretion in allowing the Government to impeach its own witness, Ron Campbell. For the reasons that follow, we affirm.

The determination of probable cause is a legal conclusion which this court reviews de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). Factual findings underlying the probable cause determination are reviewed for clear error. See id. Probable cause sufficient to justify a warrantless arrest exists when there are "`facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" United States v. Gray, 137 F.3d 765, 769 (4th Cir.) (quoting Michigan v. Defillippo, 443 U.S. 31, 37 (1979)), cert. denied, 525 U.S. 866 (1998). All of the circumstances known to the officer at the time of the arrest are considered in order to determine whether probable cause existed. See Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996).

Reviewing the totality of the circumstances, there was probable cause to arrest Bobby Campbell for bank robbery without a warrant. At the time of the arrest, the authorities knew the following: (1) earlier that morning a Charlotte, North Carolina, branch of BB&T Bank had been robbed by three African-American males; (2) the two robbers who entered the bank were wearing white coveralls; (3) the individual driving the "getaway" car was wearing a collared blue shirt; (4) a red Chevrolet Corsica, bearing a North Carolina license plate that read _RL-3617, was used to escape the scene of the crime; (5) Bobby Campbell's girlfriend, Keisha Williams, owned a 1989 red Corsica

2

with license plate number LRL-3617; (6) Bobby Campbell had the only set of keys to Williams's Corsica; (7) Bobby Campbell was known to drive the car; (8) Williams's red Corsica was driven by Bobby that morning to work at his place of employment, Charlotte Custom Blending (CCB), and the red Corsica was at CCB; (9) Bobby Campbell left work the morning of the bank robbery for an unusually long period of time; (10) Bobby Campbell was wearing a blue collared shirt the morning of the robbery; (11) employees of CCB were known to wear white coveralls in the course of their employment; (12) CCB was in close proximity to the victimized bank; and (13) Bobby Campbell was on supervised release due to a prior federal bank robbery conviction.

These facts together would lead a reasonable person to believe that Bobby Campbell was involved in the bank robbery that morning. See, e.g., Gray, 137 F.3d at 770; Taylor , 81 F.3d at 434; United States v. Han, 74 F.3d 537, 541 (4th Cir. 1996). Accordingly, the officers had probable cause to seize Campbell without a warrant. See Gray, 137 F.3d at 770.

Campbell also claims that his waiver of rights under Miranda v. Arizona, 384 U.S. 436 (1966), is insufficient to purge the taint of the unsupported, unwarranted arrest, and therefore all of his statements should be suppressed as fruit of the poisonous tree. See Brown v. Illinois, 422 U.S. 590, 602 (1975); Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). Because Bobby Campbell's arrest was supported by probable cause, any statements made voluntarily after being given Miranda warnings were admissible at his trial. See Gray, 137 F.3d at 771. We therefore deny relief upon this claim.

Campbell also claims that his conviction should be reversed because the district court allowed the Government to impeach its own witness, Bobby's brother Ron Campbell, using his prior inconsistent statements.

This court reviews a district court's evidentiary rulings for abuse of discretion. See United States v. Hassouneh , 199 F.3d 175, 183 (4th Cir. 2000). Moreover, the district court's evidentiary rulings are subject to harmless error analysis under Fed. R. Crim. P. 52(a). See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

3

The credibility of a witness may be attacked by the party calling that witness. See Fed. R. Evid. 607; United States v. Ince, 21 F.3d 576, 579 (4th Cir. 1994). A permissible method of impeaching a witness is "to show that he has previously made a statement that is inconsistent with his present testimony." Id. Moreover, "[e]ven if that prior inconsistent statement would otherwise be inadmissible as hearsay, it may be admissible for the limited purpose of impeaching the witness." Id.

In order to determine whether a witness's prior inconsistent statement offered for impeachment is "mere subterfuge" to get before the jury substantive evidence that is otherwise inadmissible as hearsay, a district court must apply Fed. R. Evid. 403, and determine whether the testimony's probative value as impeachment material is substantially outweighed by its tendency to confuse, mislead, or unfairly prejudice the defendant. See Ince, 21 F.3d at 580. In determining whether proffered evidence's probative value is substantially outweighed by potential for prejudice, "we must examine the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Love, 134 F.3d 595, 603 (4th Cir.) (internal quotation marks omitted), cert. denied, 524 U.S. 932 (1998).

Where, as here, Rule 403 was never invoked at trial, the district court is presumed to have undertaken the inquiry. See United States v. Provenzano, 620 F.2d 985, 994 n.11 (3d Cir. 1980). A district court's decision following a Rule 403 inquiry is reviewed for abuse of discretion and will not be overturned absent the most extraordinary circumstances. See Love, 134 F.3d at 603.

During the Government's case in chief, the district court granted the Government permission to treat Ron Campbell as a hostile witness and to ask leading questions. The Government questioned Ron extensively about his prior statement detailing Bobby's involvement in the robbery. Although the district court did not explicitly conduct a Rule 403 inquiry on the record, the district court did peruse Ron Campbell's prior statement before allowing the Government to use it in questioning Ron.

Further, any unfair prejudice was mitigated when the court gave a cautionary instruction explaining that Ron's prior statement was

4

admitted solely for the purpose of impeachment and not as substantive evidence of Bobby's guilt. Therefore, because juries are presumed to follow the court's instructions, Bobby cannot demonstrate the district court abused its discretion. See United States v. Johnson, 114 F.3d 435, 444 (4th Cir. 1997).

Accordingly, we affirm Bobby Lee Campbell's convictions for bank robbery and bank larceny. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5